Adam E. Lang (#022545)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: alang@swlaw.com
 dbarker@swlaw.com
 jcjones@swlaw.com

Justin D. Swindells (*pro hac vice* to be filed)
Richard Tilghman (*pro hac vice* to be filed)
Angelo J. Christopher (*pro hac vice* to be filed)
NIXON PEABODY LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405
E-mail: jswindells@nixonpeabody.com
 rhtilghman@nixonpeabody.com
 achristopher@nixonpeabody.com

*Attorneys for Plaintiff Ulta-Lit Tree Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulta-Lit Tree Company, an Illinois corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>Simple Living Solutions, LLC, an Arizona limited liability company,<br><br>    Defendant. | No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Ulta-Lit Tree Company ("Ulta-Lit") by its attorneys, as and for its Complaint for Patent Infringement against Defendant Simple Living Solutions, LLC ("Defendant") alleges as follows:

## THE PARTIES

1. Ulta-Lit is a corporation existing and organized under the laws of Illinois with its principal place of business at 1989 Johns Drive, Glenview, Illinois 60025.

2. Upon information and belief, Defendant is a limited liability corporation existing and organized under the laws of Arizona and has a place of business at 6925 East 5th Ave. Suite 103, Scottsdale, Arizona, 85251.

## NATURE AND BASIS OF ACTION

3. This is an action for infringement of United States Patent No. 9,500,719 to Cherry *et al.*, entitled "LED Light String Diagnostic and Repair System" ("the '719 Patent" or "the Asserted Patent").  A true and correct copy of the '719 Patent is attached hereto as Exhibit A.

4. Ulta-Lit brings this Action under the patent laws of the United States to recover damages and to obtain a declaratory judgment of infringement and an injunction against further sales of all infringing products in perpetuity, together with other relief as provided by law, including attorneys' fees.

## JURISDICTION AND VENUE

5. This Action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant under the United States Constitution, the State Laws of Arizona, and/or the Federal Rules of Civil Procedure. Defendant has sufficient minimum contacts with this District, through at least its place of business at the address identified above in Scottsdale, Arizona, and its acts of infringement within this District, such that this Court has personal jurisdiction over Defendant. Defendant has continuously and systematically solicited and/or transacted business in this District. Defendant is organized and registered in Arizona, and its principal place of business is in Scottsdale, Arizona.

1      7.      Venue in this Court is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because Defendant is organized in this District and has a regular and established place of business within this District.

### ULTA-LIT'S INNOVATIVE PRODUCTS AND THE ASSERTED PATENT

8.      In 1996, Ulta-Lit entered the market as a pioneer in affordable artificial pre-lit Christmas trees.

9.      Ulta-Lit recognized that the light strings in pre-lit artificial Christmas trees were susceptible to failures where a single burned-out bulb would cause an entire section of the string to no longer illuminate. Specifically, a single burned-out incandescent bulb filament can cause a shunt failure, and because the bulbs are connected in series, the shunt failure can break the circuit such that an entire section of bulbs no longer illuminate.

10.      To solve this problem, Ulta-Lit developed and launched its first light repair tool product, the LightKeeper, in 2001.

11.      In 2004, Ulta-Lit began marketing and selling the LightKeeper Pro, an electromechanical device that sends an electrical pulse through the light set to complete the circuit that was broken by the burned-out bulb, thereby re-illuminating the remaining bulbs. In other words, the LightKeeper Pro can instantly repair many light sets.



- 3 -

12. The LightKeeper Pro is often referred to as the "Red Gun" by users.

13. In 2012, Ulta-Lit began marketing and selling a kit for testing and repairing light emitting diode ("LED") light sets under the registered trademark LED Keeper® ("the LED Keeper").



14. Ulta-Lit's LED Keeper is an electromechanical device used to diagnose and ultimately restore electrical current flow in a string of ornamental LED lights having a failed or malfunctioning LED bulb or socket.

15. The LED Keeper is often referred to as the "Yellow Gun" by users.

16. The LED Keeper includes a probe configured to pierce the insulation and contact the electrical conductor in the LED light string.



17. The LED Keeper then delivers AC electrical power to the LED light string such that a first portion of the LED light string is illuminated and a second portion of the

LED light string is not illuminated. This indicates to the user that the defective or "bad" bulb is in the portion of the LED light string that is not illuminated.



18. By continuing to probe along the length of the LED light string, the user can identify the defective bulb by process of elimination because the LED Keeper will illuminate the bulbs on the both sides of the defective bulb.



19. The LED Keeper also includes a LED bulb tester, which can be used to further isolate the defect. By removing the identified LED bulb, the user can determine whether the LED bulb is defective or whether the socket is defective.

20. For cases where the user cannot replace the defective bulb or socket, the LED Keeper also includes replacement PODs. The PODs aid in maintaining electrical balance within the LED light set after removing an LED bulb.



21. Ulta-Lit's LED Keeper product is well-known, prominently advertised on Ulta-Lit's website, and has experienced significant commercial success.

22. By way of example, the LED Keeper is offered for sale by the following authorized retailers in the United States: 1000Bulbs.com, Amazon, American Sale, Christmas Central, The Incredible Christmas Place, Menards, Santa's Own, Fleet Farm, Ace Hardware, Christmas.com, Do-It Best, True Value Hardware, and WalMart.com.

23. Ulta-Lit sought to protect its innovations developed in connection with the LED Keeper. On November 1, 2012, Ulta-Lit filed U.S. Application Serial No. 14/365,819 ("the '819 Application") with the United States Patent and Trademark Office ("USPTO"). The '819 Application is entitled "LED Light String Diagnostic and Repair System" and names Dennis Blair Cherry, John DeCosmo, and Howard L. Frank as inventors.

24. On November 22, 2016, the USPTO duly and legally issued the '819 Application as the '719 Patent.

25. The '719 Patent is currently in full force and effect.

26. Ulta-Lit is the owner of the '719 Patent by virtue of an assignment that has been duly and properly recorded with the U.S. Patent and Trademark Office on or about July 9, 2014, at reel number 033269, frame number 0580.

27. The '719 Patent number is printed on both sides of the exterior surface of the LED Keeper products covered by the '719 Patent.

 

28. The '719 Patent number is also printed on the outside of the packaging for the LED Keeper products covered by the '719 Patent.



## DEFENDANT'S LIGHT TESTER PRODUCT

29. On information and belief, Defendant was formed on or around October 14, 2014 as an Arizona LLC.

30. On information and belief, Jamie Limber is Defendant's founder and current CEO.

31. On information and belief, Mr. Limber was previously employed by the Christmas Light Company, which made and sold, among other things, storage reels designed to prevent tangling of Christmas light strings, light clips, and poles for installing light strings on the lower ridge line of a house without a ladder. On information and belief, in or around 2009 and during the time Mr. Limber was employed by the Christmas Light Company, the company unsuccessfully attempted to enter the market for light string repair kits.

32. On information and belief, Defendant, including its CEO Mr. Limber, is highly aware of Ulta-Lit's products.

33. In or around March 2016, Mr. Limber visited Ulta-Lit's exhibition booth at the Ace Hardware convention in Las Vegas, Nevada and introduced himself to Ulta-Lit's President John DeCosmo.

34. Thereafter, Mr. Limber contacted Mr. DeCosmo to express Defendant's interest in selling a lighting kit including Ulta-Lit's LightKeeper Pro product.

35. In the course of these discussions, Mr. Limber indicated that Defendant was not willing to purchase the LightKeeper Pro at Ulta-Lit's offered price. Ulta-Lit responded by suggesting that Defendant could instead purchase Ulta-Lit's LightKeeper Jr. at a lower price. Ultimately, the parties did not reach an agreement for Defendant to purchase and resell any Ulta-Lit products.

36. In September 2019, Ulta-Lit purchased a Light Tester product distributed by Defendant under the brand Holiday Living™ available for sale from Lowe's Home Improvement (Item #1295315) in Chicago, Illinois (hereinafter, "Defendant's Light Tester"). True and correct photographs of this sample Light Tester product are attached hereto as Exhibit B.

37. On information and belief, Defendant's Light Tester product is referred to as the "Green Gun."

38. Defendant's Light Tester product is advertised on Lowe's website at the following URL: https://www.lowes.com/pd/Holiday-Living-Hl-Light-Tester-for-Led-Incandes/1001167814. A true and correct copy of this webpage is attached hereto as Exhibit C (downloaded on October 3, 2019).



39. A true and correct copy of the instruction manual for Defendant's Light Tester product is attached hereto as Exhibit D.

40. On information and belief, Defendant's Light Tester product is manufactured by a contract manufacturer in China.

41. On information and belief, Defendant's Lighter Test product is imported into the United States from China.

42. On information and belief, Springtime-Santa, Inc. ("Springtime-Santa") is engaged in the distribution, sale, offer for sale, and/or importation of Defendant's Light Tester product.

43. On information and belief, Springtime-Santa is engaged in the business of representing seasonal product manufacturers and brokering sales to independent, regional, and national wholesaler and has a place of business at 1578 Barclay Blvd., Buffalo Grove, Illinois 60089. On information and belief, Ken Brandt is the President of Springtime-Santa.

44. Springtime-Santa's website prominently lists Defendant under its "Manufacturers" tab. A true and correct copy of this webpage is attached hereto as Exhibit E. (downloaded on October 3, 2019).

45. On information and belief, in or around February 2019, Mr. Brandt offered to sell Defendant's Light Tester product to True Value Hardware.

46. On September 24, 2019, Ulta-Lit sent a letter to Mr. Limber notifying Defendant of its infringement of the '719 Patent, demanding that Defendant immediately cease all infringing activities, and requesting that Defendant provide a written response confirming the same by October 1, 2019. A true and correct copy of the letter is attached hereto as Exhibit F.

47. Defendant did not respond to Ulta-Lit's letter by the stated October 1, 2019 deadline.

48. Justin Crowder sent an email on October 2, 2019, acknowledging receipt of Ulta-Lit's letter, but did not substantively address Ulta-Lit's requests and failed to confirm that Defendant would cease and desist its infringing activities.

## DEFENDANT'S INFRINGEMENT OF THE '719 PATENT

49. Defendant has infringed and currently directly infringes one or more claims of the '719 Patent, literally or under the doctrine of equivalents. Upon information and belief, Defendant's infringing activities in the United States include using its Light Tester products without permission or license from Ulta-Lit. Such infringing activities violate 35 U.S.C. § 271(a).

50. On information and belief, Defendant has and continues to actively induce third parties to directly infringe one or more claims of the '719 Patent, literally or under the doctrine of equivalents. Such infringing activities violate 35 U.S.C. § 271(b).

51. Defendant's marketing efforts, sales, and business relationships all evidence its intent to induce third parties to infringe one or more claims of the '719 Patent. Defendant has and continues to engage in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement by third parties.

52. On information and belief, Defendant, aware of the '719 Patent, encourages the infringing use of its Light Testers by third parties, by marketing its Light Tester for an infringing use and instructing its customers on how to use its products.

53. Defendant has and continues to contribute to third parties' direct infringement of the '719 Patent, literally or under the doctrine of equivalents. Such infringing activities violate 35 U.S.C. § 271(c).

54. Defendant has and continues to offer to sell and/or sell Light Tester products knowing the same to be especially made or especially adapted for use in an infringement of the '719, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

55. Defendant's Light Tester products constitute a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, with respect to one or more claims of the '719 Patent.

56. As examples of Defendant's direct and indirect infringement, attached as Exhibit G are preliminary and exemplary claim charts detailing infringement of certain claims of the '719 Patent. These claim charts are not intended to be limiting in any way on Ulta-Lit's right to modify these and any other claim charts or allege other activities of Defendant infringe the '719 Patent. Exhibit G is hereby incorporated by reference in its entirety. Each claim element in Exhibit G that is mapped to Defendant shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required. Ulta-Lit will consider a responsive element-by-element claim chart to be sufficient.

57. On information and belief, Defendant has been aware of or willfully blind to the existence of the '719 Patent and the manner of Defendant's infringement thereof.

58. On information and belief, Defendant's infringement of the '719 Patent is willful and deliberate in view of Defendant's knowledge of the '719 Patent since at least as early as September 24, 2019; and despite that knowledge, Defendant continues to use Light Tester products that directly infringe the '719 Patent, actively induce third parties' to directly infringe the '719 Patent, and/or contribute to third parties' direct infringement of the '719 Patent.

59.     Defendant's knowledge and willful infringement is apparent from the fact that the '719 Patent is printed in not one but two places on each LED Keeper product as well as on the outside of the packaging that houses the LED Keeper device. In addition, the circuit in Defendant's Light Tester product is nearly identical to the circuit in the LED Keeper products.

60.     For example, a key component in the LED Keeper and Defendant's Light Tester is a transformer that converts the AC electrical power required by the LED light string from DC power in a safe manner. The transformer has primary and secondary windings, and the number of these respective windings controls the transformation of electrical power provided from one side of the transformer to the other. An inspection of the transformer used in Defendant's Light Tester reveals three sets of windings having 297, 10, and 21 windings, respectively. The LED Keeper's transformer includes three sets of windings having 300, 10, and 25 windings, respectively.

61.     In addition, the electrical components and their corresponding values in the testing circuit are also carefully selected to provide the fault detection functionality to the tester device. The circuit used in Defendant's Light Tester has the same component values as can be found in Ulta-Lit's LED Keeper. The same components, in the same circuit position, with the same values can be found in both products. For example, there are two sets of a 1kΩ resistor in parallel with a diode in precisely the same circuit positions in both products. As another example, there is a 20Ω resistor in the same circuit position in both products. There are two transistors coupled to these circuits in precisely the same circuit positions in both products. One of these transistors is connected to the transformer via a 4.2kΩ resistor in both products. As a further example, there is a 4.7nF capacitor at the same circuit position in both products.

62.     To believe that Defendant did not look at Ulta-Lit's LED Keeper circuit, which has the patent number printed in two places on the housing that surrounds the circuit, in constructing the circuit for Defendant's Light Tester would defy credibility.

63. On information and belief, Defendant used a circuit design firm in China to copy the circuit found in Ulta-Lit's LED Keeper product, right down to the number of turns in the power transformer, the values of the components of the circuit, and the positions of those components arranged in the circuit.

64. Notwithstanding the preceding paragraphs 59-63, at a minimum, pursuant to 35 U.S.C. § 287(a), the filing of this action constitutes notice to Defendant of the '719 Patent and of Defendant's manner of infringement thereof.

65. Ulta-Lit is entitled to recover damages as a result of Defendant's infringing conduct, including lost profits and in no event less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284. Ulta-Lit is also entitled to treble damages and recovery of attorneys' fees as a result of Defendant's willful infringement of the '719 Patent.

66. Upon information and belief, Defendant will continue its infringement of one or more claims of the '719 Patent unless enjoined by the Court. Defendant's infringing conduct thus causes Ulta-Lit irreparable harm and will continue to cause such harm without the issuance of an injunction.

**PRAYER FOR RELIEF**

WHEREFORE, Ulta-Lit respectfully requests that this Court:

A. Enter judgment that Defendant has infringed one or more claims of the '719 Patent in violation of the United States Code, including, without limitation, 35 U.S.C. § 271;

B. Enter an order enjoining Defendant, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing, inducing the infringement of, and contributing to the infringement of the '719 Patent;

C. Award Ulta-Lit damages and/or a reasonable royalty for Defendant's infringement, inducement of infringement, and/or contributory infringement of the '719

Patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

  D. Increase damages awarded to Ulta-Lit in this case to three times the damages amount found by the jury or assessed by the Court pursuant to 35 U.S.C. § 284;

  E. Perform an accounting of Defendant's infringing activities through trial and judgment;

  F. Declare this case to be an exceptional case under 35 U.S.C. § 285 and awarding Ulta-Lit its attorneys' fees and costs; and

  G. Award Ulta-Lit such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ulta-Lit respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

DATED this 7th day of October 2019.

    SNELL & WILMER L.L.P.

    By: *s/ Jacob C. Jones*
     Adam E. Lang
     David G. Barker
     Jacob C. Jones
     One Arizona Center
     400 E. Van Buren, Suite 1900
     Phoenix, Arizona 85004-2202

    *Attorneys for Plaintiff Ulta-Lit Tree Company*