1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Ulta-Lit Tree Company,                        No. CV-19-05340-PHX-DJH

10                    Plaintiff,                   **ORDER**

11  v.

12  Simple Living Solutions LLC,

13                    Defendant.

14

15          Pending before the Court is Plaintiff's Motion to Enforce Binding Settlement Term

16  Sheet (Doc. 101).  Defendant filed a Response (Doc. 102), and Plaintiff filed a Reply

17  (Doc. 103).  On June 22, 2022, the Court held a hearing on the matter.  For the following

18  reasons, the Court grants Plaintiff's Motion in part.

19  **I.      Background**

20          Plaintiff alleges that Defendant has breached a term sheet (the "Term Sheet"), which

21  was entered in November 2021, and which was intended to resolve this matter.  (Doc. 101).

22  Defendant agrees that term sheet was a binding document.  (Docs. 111 at 3; 114 at 5).  In

23  addition, Defendant does not argue that it has not breeched any part of the Term Sheet; it

24  "only" argues "that the Term Sheet has been superseded by a settlement agreement" that

25  "is still awaiting" Plaintiff's signature.  (*Id.*)

26          The Term Sheet itself contains terms that the parties agreed would be memorialized

27  in a formal settlement agreement.  (Doc. 101-1).  The Court specifically notes four parts of

28  the Term Sheet.  First, it lists the terms of a consent judgment that Plaintiff would file if

1    Defendant failed to make certain payments to Plaintiff.  (*Id.* at 2–3).  Among the terms in

2    the consent judgment is the stipulation that Defendant "infringed" on Plaintiff's patent.

3    (*Id.* at 2).  Second, the Term Sheet states that the parties "shall agree not to disparage one

4    another" but that any disparaging comments made "shall not excuse any performance of

5    any obligation under this Term Sheet . . . ."  (*Id.* at 6).  Third, the Term Sheet states that

6    the parties "shall negotiate in good faith" to enact the terms in a settlement agreement.  (*Id.*)

7    Finally, "[s]hould any dispute arise out of, relate to, or connect in any way with this Term

8    Sheet . . . the prevailing party . . . shall be entitled to all of its, her, his, or their attorneys'

9    fees and costs."  (*Id.*)

10          Plaintiff argues Defendant has breached the Term Sheet because it declined to enter

11   a settlement agreement with the consent judgment language stating that it infringed on

12   Plaintiff's patent.  (Doc. 101 at 4).  Defendant argues that Plaintiff made a disparaging

13   statement by telling retailers that it has a document whereby Defendant admits it infringed

14   on Plaintiff's patent.  (Doc. 100 at 4).  Because of this, Defendant requested to renegotiate

15   the terms of the eventual settlement agreement to reflect that it was not admitting liability.

16   (*Id.*)  Defendant argues its renegotiations were successful.  (Doc. 111 at 3).

17   **II.      Discussion**

18          Courts have an inherent power to enforce contracts that settle litigation before them.

19   *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994).  To establish a breach

20   of contract, a plaintiff must show "the existence of the contract, its breach and the resulting

21   damages."  *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975).

22          Again, no party disputes that the Term Sheet is a binding contract.  (Docs. 111 at 3;

23   114 at 5).  Therefore, Plaintiff has met the first element.  Likewise, Defendant does not

24   dispute that after the November 2021 Term Sheet was entered, Defendant attempted to

25   amend the terms of the ultimate settlement by removing language to the effect that

26   Defendant infringed on Plaintiff's patent.  January 2022 emails from Defendant's counsel

27   state that Defendant "continues to insist on dropping the language" concerning Defendant's

28   alleged infringement.  (Doc. 101-5 at 5).  That Defendant refused to include a term from

1    the Term Sheet in an ultimate settlement agreement is a breach of the Term Sheet.  As to

2    damages, Plaintiff argued before the Court that it has lost the time-value on payments it

3    would have received had the contemplated settlement agreement been entered sooner.  At

4    the hearing, Defendant's Chief Financial Officer Justin Crowder testified that Defendant

5    was waiting for Plaintiff to sign their settlement agreement to send the payments, but, as

6    will be further discussed below, the settlement agreement Defendant wishes Plaintiff to

7    sign is not the same settlement agreement contemplated by the Term Sheet.  Therefore,

8    Defendant does not contest that Plaintiff has been damaged by the breach of the Term

9    Sheet.  Having shown all three elements of its claim, the Court finds that Plaintiff has

10   established that Defendant materially breached the Term Sheet.

11            Defendant argues the Court should not grant Plaintiff's Motion because the parties

12   have already resolved this breach on their own through a "Compromise Resolution." (Doc.

13   102 at 4).[1]  The Court rejects this argument.  Emails between counsel for Plaintiff and

14   Defendant shows that Plaintiff offered several proposals to dismiss the breach of contract

15   claim.  (Doc. 102-1).  Plaintiff offers a list of conditions under one proposal.  (*Id.* at 5).

16   Defendant then "accepts" some, but not all of the conditions, under that proposal.  (*Id.* at

17   4).  For example, Defendant does not include a condition stating that Plaintiff will not

18   withdraw its pending Motion, or condition that would modify a dismissal order such that

19   the Court would maintain jurisdiction over Plaintiff's request for attorney fees.  (*Id.*)

20            It is well established that there is no valid acceptance when a party tries to accept

21   an offer on terms that are materially different from those in the original offer.  *United*

22   *California Bank v. Prudential Ins. Co. of Am.*, 681 P.2d 390, 422 (Ariz. Ct. App. 1983);

23   Restatement (Second) of Contracts § 59 (1981) ("A reply to an offer which purports to

24   accept it but is conditional on the offeror's assent to terms additional to or different from

25   those offered is not an acceptance but is a counter-offer.").  At the hearing, counsel for

26   Defendant admitted that the language used in its acceptance was different from Plaintiff's

---

[1] The Court notes that Defendant has also claimed that Plaintiff has disparaged Defendant in violation of the Term Sheet.  (Doc. 102 at 5).  While this claim sheds light on the motivation for Defendant's actions, disparagement in and of itself is not a material breach of the Term Sheet that relieves Defendants of performance.  (Doc. 101-1 at 6).

1   original offer, and Defendant has made no argument regarding whether the changes it made

2   to the offer were immaterial.   On its own review, the Court finds that Defendant's

3   "acceptance" was based on terms that were materially different than Plaintiff's offer as

4   they related to whether Plaintiff would withdraw its Motion seeking to enforce the Term

5   Sheet.   Therefore, there was no valid acceptance of a compromise resolution.   The parties

6   have not resolved the breach of the Term Sheet on their own as Defendant suggests.

7   **III.    Relief**

8   　　　　Having shown a valid breach of contract claim, the Court turns to the question of

9   whether Plaintiff is entitled to the various types of relief it requests.   First, it seeks an Order

10   finding that Defendant materially breached the Term Sheet.   (Doc. 101-10).   Second, it

11   seeks attorney fees.   (*Id.*)   Third, it asks the Court to compel Defendant "to use good faith

12   and all reasonable efforts to consummate" a settlement agreement as contemplated by the

13   Term Sheet.   (*Id.*)   Finally, Plaintiff asks the Court to order Defendant's counsel to

14   communicate with Plaintiff's counsel by telephone as part of their obligation to negotiate

15   in good faith under the Term Sheet.   (*Id.*)

16   　　　　The Court has already granted this first request.   And the second request may be

17   granted, as the Term Sheet itself grants attorney fees to the prevailing party in a dispute

18   connected to the Term Sheet.   (Doc. 101-1 at 6).   The Court will not, however, grant

19   Plaintiff's other forms of relief.

20   　　　　Plaintiff's request for an order directing Defendant to try to consummate a

21   settlement agreement and to conduct negotiations over the telephone are requests for

22   specific performance of the Term Sheet.   However, specific performance is not an available

23   remedy when a party has a "adequate remedy at law."   *The Power P.E.O., Inc. v. Emps.*

24   *Ins. of Wausau*, 38 P.3d 1224, 1228 (Ariz. Ct. App. 2002).   Plaintiff's breach of contract

25   claim is an adequate legal remedy.

26   　　　　Accordingly,

27   　　　　**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Binding Settlement

28   Term Sheet (Doc. 101) is **granted** in part.   The Court finds that Defendant materially

breached the November 2021 Term Sheet.  Within fourteen (14) days of this Order, Plaintiff may file a motion for attorney fees that shall comply with Local Rule of Civil Procedure 54.2.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed schedule to govern the remainder of this action within seven (7) days of this Order.  To the extent a party seeks to reopen discovery, it must show that extraordinary circumstances warrant a reopening.

Dated this 24th day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge